**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

UNITED STATES OF AMERICA

vs.                                                                                           CASE NO.  3:07-cr-270-J-32TEM

GARY MITCHELL
_____

**O R D E R**

This matter came before the Court on January 18, 2008, for hearing on whether the Defendant is competent to proceed to trial under Title 18, U.S.C. § 4241.  For reasons discussed below, the Court concludes by a preponderance of the evidence that the Defendant is able to understand the nature and consequences of the proceedings against him and to assist properly in his defense.

Defendant is charged with a one-count Indictment with the distribution of cocaine base (crack cocaine) (Doc. #1).  The United States orally requested an examination of Defendant to determine his competency and the Court ordered an examination occur (Doc. #23).   Dr. Alan J. Harris, a licensed and forensic psychologist, examined Defendant and prepared a report filed as Court Exhibit #1.

At the hearing, Dr. Harris, whom the Court found qualified as an expert on such matters,  testified to an examination of Defendant  he conducted on November 16, 2007.   Defendant's actions and responses showed a lack of orientation to time and place.  When he did give an answer, he responded in a coherent, relevant manner and did not diverge into tangents.  Other times he rocked, stuttered, and counted aloud.

Dr. Harris reported the Defendant acted as if he did not know what he was charged with, and could not recite the alphabet or count to ten.   The Defendant did recall taking

medication for hallucinations, but could not recall the name of the medication.

Based on the apparent showing of minimal mental ability, Dr. Harris administered three tests, and he testified the results of each showed a less than optimal effort and indication of a feigned impairment of memory.   First, the Forced Choice Competency Questionnaire checks the validity of response effort.  There are 34 questions with only two listed choices for answers.   Dr. Harris said even incompetent individuals or those with intelligent quotients as low as 40 score about fifty percent on the test.   The Defendant answered only 11 correctly or thirty-two percent.  Included on those he missed were whether he was Caucasian or black, was charged with bank robbery or a drug offense, and was in an office building or jail.

Next, Dr. Harris administered the Rey 15-Items Test used to assess the validity of memory complaints.   The theory is that a person attempting to appear impaired will recall few of 15 items shown, while a normal person will recall all of them.  Even retarded persons or those of low IQ recall 9 or 10 correctly.  Defendant recalled only one, which is the lowest response in the approximately 200 times Dr. Harris has administered the test.

Lastly, Dr. Harris administered the Hiscock & Hiscock Symptom Validity Test, another forced choice test in which a person should get fifty percent correct by random choice.   Dr. Harris administered it twice and the Defendant got  only twenty-five percent correct the first time and only twenty percent the second time.  Dr. Harris found it indicated that the Defendant was not making an effort.

During the mental status examination, the Defendant was asked to recite his ABCs and jumped around or skipped many letters.  He was asked to count to 20 starting "1, 2, 3", and he stated "1, 2, 4" and skipped other numbers.

Dr. Harris said that malingerers often go overboard in attempting to appear incompetent, not knowing where to draw the line.  Based on the test results and answers, Dr. Harris contacted two persons at the jail where the Defendant is being held and one local police officer who has known him for 15 years.

The police officer said the Defendant addresses him by name and was able in recent months to give him directions to a relative's house.  The correctional officers said the Defendant was able to fill in the information form when first admitted and had acted normal.

Dr. Harris said he did not administer other psychological tests based on the responses to the tests he did administer because they would be meaningless.  He believed the Defendant was attempting to act incompetent in order to avoid prosecution.

Dr. Harris concluded that the Defendant was not suffering a mental disease or defect rendering him incompetent to the extent he is unable to rationally and factually understand the nature of the proceedings or properly assist in his defense.   He found the Defendant could consult with counsel with a reasonable degree of rational understanding of the proceedings.

Dr. Harris stated that the opinion does not mean that the Defendant does not have psychological problems, and he was aware the Defendant has been prescribed psychotropic medication.  Questioned as to whether the Defendant's behavior was consistent with paranoid schizophrenia, Dr. Harris said it could be, but that the condition was controlled by medication so that it was not active.

Dr. Harris also said that the affect exhibited by the Defendant in being unable to count or respond effectively would be inconsistent with someone selling drugs (the proffer

at the detention hearing in the case stated Defendant sold drugs to an undercover officer for $200).

Dr. Harris' report and testimony was the only testimony offered at the hearing.

The Court is aware that there was information produced at the initial appearance that the Defendant claimed to be paranoid schizophrenic for which he took medication, and that he was receiving a monthly Social Security disability check (for an unknown disability).

Although the evidence is not overwhelming, Dr. Harris' testimony also is not specifically contradicted by other evidence.  Thus, the Court finds by a preponderance of the evidence that the Defendant is able to understand the nature and consequences of the proceedings against him and to assist properly in the preparation and presentation of his defense.

Accordingly, the Court concludes the Defendant is competent to participate in pretrial proceedings and to stand trial.

**DONE AND ORDERED** at Jacksonville, Florida, this 25th day of January, 2008.

*Thomas E. Morris*
THOMAS E. MORRIS
United States Magistrate Judge

Copies to:
Asst. U.S. Attorney (Glober)
Lisa Call, Esquire